IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 07-271 |
| ) | |
| ROBERT GREEN ) | |

O P I N I O N

DIAMOND, D.J.

Presently before the court is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 filed by Robert Green ("petitioner"). Because it is untimely, and there are no grounds for tolling of the limitation period, petitioner's motion will be dismissed.[1]

On July 18, 2007, pursuant to a written plea agreement, petitioner waived his right to prosecution by indictment and pled guilty to a one-count information charging him with possession with intent to distribute 500 grams or more of cocaine on October 17, 2005.

Under the terms of the plea agreement, petitioner waived his right to take a direct appeal from his conviction or sentence,

---

[1] Pursuant to Rule 8(a) of the Rules Governing §2255 Proceedings, the court finds that no evidentiary hearing on petitioner's motion is required. Where the record conclusively shows that a movant is not entitled to relief, the court may dismiss the motion based on the record without a hearing. See United States v. Nahodil, 36 F.3d. 323, 326 (3d Cir. 1994). Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of a §2255 motion, or if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, an evidentiary hearing is not required. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). In this case, for the reasons set forth in this opinion, the record affirmatively establishes as a matter of law that the petition is untimely.

subject to several enumerated exceptions, and further waived his right to file a §2255 motion or any other collateral proceeding attacking his conviction or sentence. Plea Agreement, ¶A12. The plea agreement also contained a provision providing that: "[a]t the time of sentencing ... or within 1 year of the imposition of sentence ... the United States Attorney may, in her discretion, file a motion pursuant to §5K1.1 of the Sentencing Guidelines ... or under Rule 35(b), Federal Rules of Criminal Procedure." Plea Agreement, ¶B5.

On November 6, 2007, petitioner was sentenced to a term of imprisonment of 262 months, the low end of the advisory guidelines sentencing range of 262-327 months. Petitioner did not file a direct appeal from his judgment of conviction and sentence. In accordance with the terms of the plea agreement, within one year of sentencing the government filed a motion pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. The court granted the motion and petitioner's sentence was reduced on September 2, 2008, to a term of imprisonment of 131 months. Petitioner did not file a direct appeal from his amended judgment of conviction and sentence.

On October 20, 2010, petitioner filed the pending motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255,[2] in which he asserts five grounds for relief: (1) his

---

[2] Pursuant to 28 U.S.C. §2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction

criminal history was substantially over-represented; (2) his sentence was unreasonable; (3) his due process rights were violated because of a delay between the commission of his offense and the filing of the information; (4) his due process rights were violated because the government did not file **both** a motion pursuant to U.S.S.G. §5K1.1 at the time of sentencing **and** a Rule 35(b) motion after sentencing; and, (5) his trial counsel was ineffective for numerous asserted reasons relating to his sentencing.

After receipt of this court's notice pursuant to United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999) advising him that he must bring all claims in a single motion, petitioner filed an amendment to his §2255 motion raising an additional claim asserting that this court committed "procedural error by failing to consider 3553(a) factors" and "imposed an unreasonable sentence."

Upon review of petitioner's motion and amended motion, as well as the government's response, this court finds that petitioner's motion is untimely and that there is no basis for either statutory or equitable tolling of the applicable one-year limitation period.

---

to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a). Relief under §2255 is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Gordon, 979 F.Supp. 337, 339 (E.D.Pa. 1997) (citing Hill v. United States, 368 U.S. 424, 428 (1962)).

Section 2255 motions are subject to a one-year period of limitation established by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"); Kapral v. United States, 166 F.3d 565, 567 (3d Cir. 1999). Generally, the limitation period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. §2255(f)(1).

Here, petitioner was sentenced on November 6, 2007, and he did not file a direct appeal. Accordingly, his conviction became final when the time period for filing a notice of appeal expired on November 20, 2007. See, United States v. Delgado, 363 Fed. Appx. 853, 854 (3d Cir. 2010). The AEDPA's limitation period for filing a §2255 motion began to run on the day his conviction became final and therefore expired on November 20, 2008.[3] However, petitioner did not file his pending §2255 petition until October 20, 2010. Accordingly, absent a basis for equitable tolling of the limitation period, petitioner's motion is time-

---

[3] Although petitioner subsequently had his sentence modified pursuant to Fed. R. Crim. P. 35(b), this modification did not affect the finality of the original judgment of conviction for §2255 purposes. Pursuant to 18 U.S.C. §3582(b), "[n]otwithstanding the fact that a sentence ... can subsequently be ... corrected pursuant to rule 35 of the Federal Rules of Criminal Procedure ... a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." (emphasis added). Accordingly, the plain language of §3582(b) establishes that a modification of a sentence does not affect the finality of a criminal judgment for purposes of §2255's one-year limitation period. United States v. Brown, 2007 WL 2407277 (M.D. Pa., Aug. 20, 2007); see, also, United States v. Sanders, 247 F.3d 139, 142-44 (4th Cir. 2001); Reichert v. United States, 101 Fed. Appx. 13, 13-14 (6th Cir. 2004). In any event, even if the limitation period would not have commenced until the date the modified judgment dated September 2, 2008, became final, that period would have expired on September 16, 2009, and petitioner's motion still would be untimely under §2255(f)(1).

barred under §2255(f).[4]

The AEDPA's limitation period is not jurisdictional and may be equitably tolled in appropriate circumstances. <u>Holland v. Florida</u>, ___ U.S. ___, 130 S.Ct. 2549, 2560 (2010)(§2254 case); <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 619 n. 1 (3d Cir. 1998)(equitable tolling applies to one-year limitation period under §2255(f) just as it does to limitation period under 28 U.S.C. §2244(d)(1)). However, "'courts must be sparing in their use of equitable tolling'" and "should do so 'only when the principles of equity would make the rigid application of a limitation period unfair." <u>Sistrunk v. Rozum</u>, 674 F.3d 181, 190 (3d Cir. 2012)(citations omitted).

Accordingly, in this circuit, a finding of equitable tolling is proper only in "extraordinary" and "rare" circumstances, such as where: (1) the government has actively misled the petitioner; (2) where the petitioner has in some extraordinary way been prevented from asserting his rights; or, (3) where the petitioner timely asserted his rights mistakenly in the wrong forum. <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999).

In this case, there are no allegations that anyone has actively misled petitioner or that he timely asserted his rights

---

[4] Petitioner does not allege, nor can the court discern, any facts which might trigger tolling under any of the enumerated bases for statutory tolling set forth in 28 U.S.C. §2255(f)(2)-(4). Specifically, there is nothing in the record to warrant tolling on the basis of an impediment created by governmental action in violation of the Constitution or laws of the United States; a newly recognized right made retroactive to cases on collateral review; or, new facts supporting the claim that could not have been discovered through due diligence prior to the expiration of the limitation period.

mistakenly in an improper forum. Thus, petitioner would be entitled to equitable tolling only upon a showing that he has in some extraordinary way been prevented from asserting his rights.

Generally, a petitioner is entitled to equitable tolling of the AEDPA's one-year limitation period if he can show: (1) that some extraordinary circumstance stood in his way and prevented timely filing; <u>and</u>, (2) that he has been pursuing his rights diligently. <u>Munchinski v. Wilson</u>, 694 F.3d 308, 329 (3d Cir. 2012). This conjunctive standard requires a showing of *both* elements before equitable tolling will be permitted. <u>Sistrunk</u>, 674 F.3d at 190.

Here, defendant can show neither. First, petitioner has not advanced any "extraordinary circumstance" which would permit equitable tolling. The sole reason advanced by petitioner for his failure to comply with the limitation period is that he was placed in solitary confinement for safety reasons while incarcerated and therefore was "unable to review or receive documents" and had "limited" use of the law library.

However, numerous courts have recognized that difficulties attendant to prison life, such as solitary confinement, restricted access to the law library and an inability to secure court documents, are routine restrictions of prison life and do not qualify as "extraordinary circumstances" warranting equitable tolling. <u>Gant v. Goord</u>, 430 F.Supp.2d 135, 139 (W.D.N.Y. 2006); <u>Cary v. Virginia</u>, 2009 WL 1810009 (E.D. Va., June 24, 2009); <u>Bellard v. McNeil</u>, 2009 WL 1149144 (S.D. Fla., April 29, 2009).

Likewise, in the present case, petitioner's allegations of limited access to the library and inability to receive and review documents are routine aspects of prison life which are insufficient to trigger equitable tolling of the limitation period. Petitioner has advanced nothing but generalized allegations of restricted access to legal resources arising from his placement in solitary confinement. Although he indicates he had "limited access" to the library and his legal materials, he does not suggest that he was denied access to the library entirely or that he was unable to keep legal materials in his cell. Accordingly, the court finds that petitioner has failed to show extraordinary circumstances which prevented him from timely filing a §2255 motion. See, also, Patrick v. Phelps, 764 F.Supp.2d 669, 673 (D. Del. 2011)(petitioner's placement in higher security level which limited his access to law library and legal materials insufficient to warrant equitable tolling); Bunting v. Phelps, 687 F.Supp. 2d 444, 448 (D. Del. 2009)(limited time in prison law library not extraordinary circumstance for equitable tolling); Bellard, supra (Constitution does not guarantee a prisoner unlimited access to the law library and access to law library may of necessity be regulated as to time, manner and place by common prison occurrences such as placement in close management confinement, administrative segregation and disciplinary confinement).

Nor can petitioner establish that he pursued his rights diligently. Petitioner does not allege that he made any attempt

to work on or file a §2255 motion prior to the expiration of the deadline or that he was actively seeking legal documents necessary for his petition prior to the expiration of the deadline. Moreover, the fact that petitioner did not file his §2255 motion until nearly two years after the expiration of the limitation period demonstrates his lack of diligence. See, e.g., Cary, supra, 2009 WL 1810009 at * 4 (filing of petition 512 days after limitation period expired suggests lack of diligence).

Because petitioner has demonstrated neither "extraordinary circumstances" nor due diligence, he is not entitled to equitable tolling of the AEDPA's one-year limitation period. Accordingly, petitioner's untimely §2255 motion will be dismissed.

Moreover, this court also would note that even if petitioner's motion had been timely filed, he still would not be entitled to any relief under §2255 because he knowingly and voluntarily waived his right to file a §2255 motion and that waiver would be valid and enforceable.

Petitioner entered into a negotiated plea agreement containing a broad provision explicitly waiving his right to file a §2255 motion or any other collateral proceeding attacking his conviction or sentence. Plea Agreement, ¶A12. The Court of Appeals for the Third Circuit has recognized that such a waiver is enforceable "provided that [it is] entered into knowingly and voluntarily and [its] enforcement does not work a miscarriage of justice." United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008).

Here, the record establishes that petitioner's waiver of his collateral attack rights was knowing and voluntary. Petitioner's collateral attack waiver is clearly set forth in the written plea agreement, is very broad and contains no exceptions. Plea Agreement, ¶A12. (emphasis added). Moreover, a review of the plea colloquy establishes that petitioner plainly understood the waiver, despite the fact that this court did not strictly adhere to Federal Rule of Criminal Procedure 11(b)(1)(N).[5]

At his waiver, arraignment and plea hearing, petitioner acknowledged his signature on the plea letter, confirmed that he had read it and had discussed it with his attorney and affirmed under oath that he had signed it voluntarily. Plea Transcript at 23. The government then summarized the plea agreement and reviewed all of the agreement's terms, including the collateral attack waiver provision, specifically noting that petitioner "waives his right to file a motion to vacate sentence under Title 28 United States Code Section 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence." Plea Transcript at 25. When the court asked petitioner whether he had any questions

---

[5] Federal Rule of Criminal Procedure 11(b)(1)(N) requires the court, not the government or defense counsel, to address the defendant in a plea hearing and inform him that he is waiving his right to appeal and to collaterally attack his sentence. Although the court did not explicitly address defendant regarding the waiver in this case, the court nevertheless is satisfied, for the reasons set forth herein, that petitioner adequately understood the terms of the plea agreement waiving his collateral attack rights. United States v. Goodson, 544 F.3d 529, 539 (3d Cir. 2008) (deficient plea colloquy did not preclude defendant from understanding that he had waived his appellate rights, and holding that the defendant's substantial rights were not affected).

AO 72
(Rev. 8/82)

regarding the plea agreement, he stated under oath that he did not. Id. at 26. Thus, the record establishes that petitioner understood that by pleading guilty he was giving up his right to file a §2255 motion, and that he gave up that right knowingly and voluntarily.

Nor would enforcement of petitioner's knowing and voluntary waiver in this case work a miscarriage of justice. First, enforcement of the collateral attack waiver here would not bar petitioner from pursuing relief on any grounds expressly preserved in the plea agreement, as the collateral attack waiver agreed to by petitioner was broad and contained no exceptions. Plea Agreement, ¶A12 (emphasis added); see, United States v. Shedrick, 493 F.3d 292, 303 (3d Cir. 2007). Nor does petitioner argue that counsel was ineffective or coercive in negotiating the plea agreement that contained the collateral attack waiver provision. See, e.g., United States v. Wilson, 429 F.3d 455 (3d Cir. 2005)(stating that enforcing a waiver in connection with a coerced plea would work a miscarriage of justice).

Finally, petitioner has not identified "any nonfrivolous ground, not covered by the waiver, for a direct appeal or collateral attack." Mabry, 536 F.2d at 243. Rather, it is clear from even a cursory review of the plethora of claims for relief petitioner seeks to raise in his pending motion that all are encompassed by the broad waiver of his collateral attack rights and none otherwise are substantial. See Mabry, 536 F.3d at 243.

AO 72
(Rev. 8/82)

- 10 -

Petitioner's asserted grounds for relief can be broken down into two basic categories: (1) alleged due process violations; and, (2) alleged errors relating to his sentence.

Petitioner's asserted due process claims are insubstantial. First, petitioner's due process rights were not violated by any delay between the commission of his offense on October 17, 2005, and the filing of the Information on July 30, 2007. Not only can that time period not be construed to be overly excessive, but petitioner can show neither that the government intentionally delayed bringing the information in order to gain an advantage over him nor that the delay caused him actual prejudice. See United States v. Ismaili, 828 F.2d 153, 167 (3d Cir. 1987). To the contrary, any delay inured to petitioner's benefit because he was able to remain out on bond pending negotiation of a very favorable plea agreement.

Petitioner's allegation that his due process rights were violated because the government did not file both a motion pursuant to U.S.S.G. §5K1.1 at the time of his sentencing and a motion pursuant to Fed. R. Crim. P. 35(b) is utterly frivolous. The plea agreement explicitly provided that the United States Attorney, in her discretion, may file either a §5K1.1 motion at sentencing or a motion pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure within a year of sentencing. Plea Agreement, ¶B6. And, the government in fact did file a Rule 35(b) motion within a year of sentencing after petitioner's cooperation was complete, that motion was granted by this court, and

petitioner received the benefit of that motion by having his sentence reduced by fifty-percent from a total of 262 months to a total of 131 months. Accordingly, defendant received the full benefit of his plea bargain.[6]

The remainder of petitioner's asserted grounds for relief all essentially allege that his attorney was ineffective in failing to raise, and/or this court erred in failing to consider, a laundry list of potential grounds for downward departure and/or variance at his sentencing hearing. Petitioner has failed to show, however, that he was entitled to any departure that he did not receive or that the court failed to consider any information available to it at the time of sentencing which arguably would have had any impact on his sentencing.

The court has reviewed the record, in particular, petitioner's presentence investigation report and the transcript of the sentencing hearing held on November 6, 2007, and is satisfied that it properly applied the guidelines in arriving at an advisory guideline sentencing range and appropriately considered that advisory range, as well as all of the other

---

[6] It further should be emphasized that, in accordance with the express terms of the plea agreement, the government was not <u>required</u> to file <u>either</u> a §5K1.1 motion or a Rule 35(b) motion in the first instance. Rather, the plea agreement placed sole discretion for that decision in the United States Attorney, and the agreement, which petitioner knowingly and voluntarily signed, explicitly stated that "[petitioner] has no right to compel, require or expect that the United States will file such a motion." Plea Agreement, ¶B6. Accordingly, even had the government exercised its discretion not to file either type of motion, petitioner would have had no viable claim that the plea agreement had been breached nor that his due process rights were violated, absent an indication of bad faith or unconstitutional motive. See, e.g., United States v. Wilson, 367 Fed. Appx. 381 (3d Cir. 2010).

relevant factors under 18 U.S.C. §3553(a), and arrived at a sentence which was sufficient, but not greater than necessary to achieve the statutory purposes of sentencing. In essence, petitioner's §2255 motion is asking this court on collateral review to reconsider those factors and re-sentence him to a lesser term of incarceration.

The court is satisfied that petitioner's asserted grounds for §2255 relief relating to his sentence are not substantial. As petitioner has failed to identify any nonfrivolous ground, not covered by the waiver, for a collateral attack," Mabry, 536 F.2d at 243, enforcement of the collateral attack waiver would not give rise to a miscarriage of justice in this case.

Thus, because petitioner knowingly and voluntarily agreed to waive his right to file a motion to vacate under §2255 or any other collateral proceeding attacking his conviction or sentence, and the enforcement of that waiver would not work a miscarriage of justice, petitioner's waiver of his collateral attack rights would be enforceable even had his motion been timely filed.

Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit directs that when a final order denying a motion under §2255 is entered, a determination of whether a certificate of appealability should issue also shall be made. The issuance of a certificate of appealability is "[t]he primary means of separating meritorious from frivolous appeals." Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (setting forth standards for certificate of probable cause).

Congress has mandated that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Where, as here, the court denies relief on procedural grounds, a petitioner is entitled to a certificate of appealability only if he can demonstrate both that jurists of reason would find it debatable whether the petition states a valid claim of a denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the court is correct in its procedural ruling. <u>See</u>, <u>e.g.</u>, <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Bivings v. Wakefield</u>, 316 Fed. Appx. 177, 179 (3d Cir. 2009).

Here, the court is satisfied that no reasonable jurist would argue that petitioner's §2255 motion, filed long after the expiration of the one-year limitation period and with no viable basis for equitable tolling, is not time barred, or that petitioner's waiver of his collateral attack rights would not be enforceable, for the reasons outlined above. <u>Slack</u>, 529 U.S. at 484. Nor is it reasonably debatable that petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court believes that a certificate of appealability should not issue in this case. <u>See</u> <u>Santana v. United States</u>, 98 F.3d 752, 757 (3d Cir. 1996).

An appropriate order will follow.

Date: February 18, 2013    /s/ Gustave Diamond
                           Gustave Diamond
                           United States District Judge

cc: Troy Rivetti
    Assistant U.S. Attorney

    Robert Green